UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY GRANT,

    Petitioner,

v.                                          Case No.  5:14cv29/LC/CJK

WARDEN FEDERAL
CORRECTIONAL INSTITUTION,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    Petitioner commenced this action on February 3, 2014, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  On December 8, 2005, petitioner pled guilty in the United States District Court for the District of South Carolina to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). (Case No. 2:05cr425/PMD-1, United States District Court District of South Carolina).  Petitioner claims that his prior conviction for "Assault and Battery of a High and Aggravated Nature ("ABHAN")" no longer constitutes a "violent felony" under the United States Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Descamps v. United States*, 133 S. Ct. 2276 (2013), as well as the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir.

2013).¹ (Docs. 1 & 2). As relief, petitioner requests that his sentence be vacated and he be "resentence[d]" without the Armed Career Criminal Act ("ACCA") enhancement. (Doc. 1, p. 6). The government has responded (doc. 13), and agrees with petitioner that "[p]etitioner's sentence should be vacated and that [petitioner] should be resentenced in the District of South Carolina." (Doc. 13, p. 1). Importantly, the United States Attorney's Office for the Northern District of Florida has conferred with Peter Phillips, an Assistant United States Attorney with the United States Attorney's Office for the District of South Carolina, who acknowledged that his office "consents to the relief sought in the [p]etition[.]" (Doc. 13, p. 1).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be GRANTED and petitioner's sentence be VACATED, pending resentencing.

2. That the matter be remitted to the United States District Court for the District of South Carolina for further proceedings before the sentencing court.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2014.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

¹ Petitioner's argument, as understood from his petition, was that his previous conviction in 1994 for Assault and Battery of a High and Aggravated Nature was classified as a violent felony under the ACCA and was later used to enhance the sentence he received for his 2005 firearm possession conviction.

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).